UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSHUA ADAM MCGREW,                                Case No. 2:21-cv-01037-AA

            Petitioner,                                OPINION AND ORDER

    v.

JAMIE MILLER, Superintendent,
SRCI,

            Respondent.

_____

AIKEN, District Judge.

       Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds that his counsel provided ineffective assistance during plea negotiations. Respondent contends that the Petition should be dismissed because it is untimely and barred by the statute of limitations. Petitioner did not seek federal habeas relief within the one-year limitations period and he is not entitled to equitable tolling. Accordingly, the Petition is dismissed as untimely.

Page 1    - OPINION AND ORDER

BACKGROUND

On March 11, 2015, petitioner was charged by indictment with fifty counts of sodomy, sexual abuse, and encouraging child sexual abuse. Resp't Ex. 102 at 5-11. The charges arose from the alleged abuse of three victims, two of whom were petitioner's nephews, and the discovery of child pornography on petitioner's electronic device.

After the parties engaged in judicial settlement negotiations, petitioner agreed to plead guilty to seven counts, four of which alleged the abuse of his nephews. In exchange, the State agreed to dismiss the remaining counts and stipulate to a sentence of 276 months' imprisonment. Resp't Ex. 103. After a plea colloquy with petitioner, the trial court accepted his plea and scheduled a sentencing hearing. Resp't Ex. 104.

Prior to sentencing, petitioner moved to withdraw his plea on grounds that he felt "rushed" into the agreement. Resp't 105 at 2. The trial court denied the motion, noting that the parties engaged in "several settlement conferences" and petitioner had confirmed the voluntariness of his plea during the colloquy with the court. Resp't Ex. 105 at 2.

On March 15, 2016, the court imposed an adjusted stipulated prison sentence of 264 months and entered judgment. Resp't Ex. 101. Petitioner did not directly appeal his conviction or sentence.

On September 7, 2017, petitioner sought post-conviction relief (PCR) in the Oregon courts and alleged the ineffective assistance of counsel. Resp't Ex. 107. Petitioner claimed that counsel failed to explain that the plea agreement required petitioner to plead guilty to counts involving his nephews, and had he known, he would not have pled guilty. The PCR court denied relief, the Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon

Supreme Court denied review. Resp't Exs. 120, 124-26. On August 18, 2020, appellate judgment issued. Resp't Ex. 127.

On July 13, 2021, petitioner signed his federal habeas Petition in this action.

DISCUSSION

Petitioner raises two Grounds for Relief arising from counsel's alleged failure to adequately advise petitioner about the terms of the plea agreement. Respondent argues that the Petition was filed beyond the applicable one-year statute of limitations and is barred from federal review. Respondent is correct.

Generally, a prisoner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. *See* 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). Generally, a conviction becomes final and the one-year statute of limitations begins to run when direct review proceedings have concluded. *Id.* §2244(d)(l)(A).

In this case, the trial court entered judgment on March 15, 2016, and petitioner did not directly appeal his conviction or sentence. Resp't Ex. 101. Petitioner's convictions thus became final on April 14, 2016, at the expiration of the appeals period, and the statute of limitations began to run on that date. *See* Or. Rev. Stat. § 138.071(1).

The statute of limitations ran for 511 days before petitioner signed his initial state PCR petition on September 7, 2017. Resp't Ex. 106. The limitations period was tolled, or stopped, during the pendency of petitioner's PCR proceeding. *See* 28 U.S.C. § 2244(d)(2) (providing that the "time during which a properly filed application for State post-conviction or other collateral review… is pending shall not be counted toward any period of limitations").

Page 3    - OPINION AND ORDER

On August 18, 2020, the appellate judgment in petitioner's PCR proceeding became effective and the statute of limitations restarted. Resp't Ex. 127. The limitations period ran for another 329 days until petitioner signed his federal Petition on July 13, 2021. Pet. at 8 (ECF No. 2). In total, the statute of limitations ran for 840 days, well beyond the one-year, or 365-day, limitations period.

Petitioner concedes that his petition is untimely. He nonetheless argues that equitable tolling of the statute of limitations should apply because of his mental and cognitive limitations. Petitioner contends that his impairments made it impossible for him to understand the post-conviction process and seek timely federal habeas relief.

Equitable tolling is available "only if extraordinary circumstances beyond" petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). The Ninth Circuit "has consistently held mental incompetence to be an extraordinary circumstance beyond the prisoner's control." *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010). To support equitable tolling based on a mental impairment, petitioner must present evidence to establish the following:

(1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either

    (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

    (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted). Petitioner fails to make these showings.

Granted, the record establishes that petitioner has mental and cognitive limitations that could have arguably affected his ability to seek post-conviction relief. *See* Resp't Ex. 109. However, as respondent emphasizes and petitioner admits, he was able to prepare and file a state PCR petition with assistance. Resp't Exs. 106-07. Petitioner testified during the PCR proceeding and competently explained why he felt his attorney provided ineffective assistance, and he pursued his PCR petition through judgment. Resp't Exs. 119 at 5-9. The fact that petitioner sought post-conviction relief in state court contradicts his assertion that his impairments were so severe that they prevented him from filing a timely federal petition. *See, e.g.*, *Ramirez v. Yates*, 571 F.3d 993 (9th Cir. 2009) (affirming dismissal of petition where the petitioner did not explain why it was "impossible for him to file a timely § 2254 petition but not these other substantial legal filings").

Further, petitioner fails to show diligence in pursuing his claims. A petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 599-600 (9th Cir. 2020). Petitioner waited 511 days before filing his PCR petition, and petitioner concedes much of the delay did not result from his limitations. *See* Pet'r Reply at 3-4 (ECF No. 14) (stating that incorrect advice about getting transcripts caused the delay in filing his PCR petition).

Even if I found that equitable tolling was appropriate for some of the 511 days between final judgment and the PCR petition, petitioner waited another 329 days after the conclusion of his PCR proceedings to seek federal relief. Petitioner maintains that this delay was caused by a

confusing letter he received from his PCR appellate attorney. In a letter dated August 21, 2020,

petitioner's PCR appellate counsel explained his options after appellate judgment entered:

> As you know, one additional procedure may be available to challenge your
> convictions or sentence, and that is federal habeas corpus relief. I will not represent
> you in any federal habeas proceeding. Federal habeas corpus relief is available to
> review certain issues of federal law. Federal habeas corpus relief must be sought
> within **twelve months** following the entry of the judgment of conviction. The
> statute of limitations is tolled (the clock stops) during the time you had a pending
> direct appeal, pending post-conviction trial case, or pending post-conviction relief
> appeal. Accordingly, **the clock re-started on August 18, 2020** when the enclosed
> judgment was entered.
>
> Federal habeas corpus relief is generally available only after all state remedies have
> been exhausted. If you have questions about the availability of federal remedies,
> you should contact Ms. Lisa Hay, Federal Public Defender, at 101 SW Main Street,
> Suite 1700, Portland, OR 97204. The phone number is 503-326-2123.

ECF No. 15, Att. 2 (emphasis in original). Petitioner contends that this letter provided a "new

timeline" and he understood it to mean that the statute of limitations had "started over" rather than

"restarted." Pet'r Reply at 4.

PCR appellate counsel did not advise petitioner that the statute of limitations had started

over or had begun to run on August 18, 2020; instead, counsel implied that the clock had already

been running before it stopped during the PCR proceedings and "re-started" after entry of PCR

appellate judgment. To the extent petitioner misunderstood the information provided by PCR

counsel, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

circumstance warranting equitable tolling." *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.

2006); *see also id.* (stating that a petitioner's "inability correctly to calculate the limitations period

is not an extraordinary circumstance warranting equitable tolling"). Moreover, counsel advised

petitioner to contact the Federal Public Defender's Office if he had any questions about the

availability of federal habeas relief, and petitioner apparently did not seek such assistance. Thus,

he cannot establish diligence in pursuing federal habeas relief.

Accordingly, the Petition is untimely and barred by the statute of limitations.

<u>CONCLUSION</u>

The Petition for Writ of Habeas Corpus (ECF No. 2) is DISMISSED as untimely. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this  30th day of August, 2022.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge